Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Sarah Van Buiten (State Bar No. 324665)
svanbuiten@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
LOANDEPOT.COM, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOANDEPOT.COM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MELIO LTD., Israeli corporation; MELIO PAYMENTS, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 8:24-cv-1426<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));AND**<br>3. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br>4. **UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff loanDepot.com, LLC, a Delaware limited liability company ("Plaintiff" or "loanDepot") alleges as follows against defendant Melio Ltd., an Israeli corporation ("Melio"), and Melio Payments, Inc., a Delaware corporation ("Melio Payments"), and DOES 1-10 (altogether, "Defendants"):

## **NATURE OF CASE**

1. loanDepot seeks injunctive and monetary relief for Defendants' federal

trademark infringement, false designation of origin, common law unfair competition and trademark infringement, and unfair competition under California Business and Professions Code section 17200, *et seq.*, all of the foregoing arising from Defendants' unauthorized use of a stylized trademark confusingly similar to loanDepot's federally registered trademark, *i.e.*, MELLO and variations thereof, for mortgage lending and related services (the "MELLO Mark"), as well as related acts likely to amplify consumer confusion. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121, because loanDepot's claims arise, in part, under the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over loanDepot's claims arising under the laws of the State of California.

2.      loanDepot has been using its MELLO Mark for more than six years, and, during that time, loanDepot has consistently used its Mark in a stylized manner featuring purple coloring and a rounded, lowercase font.  Although loanDepot became aware of Defendants' use of the MELIO Mark in 2019, at which point Melio applied to register "MELIO" as a standard character mark, Defendants have increasingly mimicked aspects of loanDepot's trademark stylization and expanded their services.  Specifically, Defendants have begun using their MELIO Mark in a purple, rounded font, and they have expanded the services offered thereunder, such that they now operate in the real estate and lending spheres.  As a result, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 *et seq*. (the "Lanham Act"), and California state law. loanDepot brings this action to protect its valuable intellectual property rights.

## PARTIES

3.      loanDepot is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 6561 Irvine Center Drive, Irvine, California 92618.

4.      On information and belief, Melio Ltd., is a corporation organized and

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-2-

existing under the laws of Israel with its principal place of business at 28 Ha'Arba'A St., 6473925 Tel Aviv, Yafo, Israel.

5. On information and belief, Mello Payments, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 124 E 14th St, Floor 15, New York, New York 10003. Melio Payments is registered to conduct business in the State of California.

6. On information and belief, Melio and Melio Payments share the same officers, and Melio Payments is the arm of Melio that operates in the United States.

7. On information and belief, each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to loanDepot for the damages and relief sought herein. The identities of the individuals and entities named as defendants DOES 1 through 10, inclusive, are not presently known, but loanDepot will seek to amend the Complaint to identify them when their names and identities have been ascertained.

8. On information and belief, loanDepot alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent, servant, alter ego, employee, and/or successor or predecessor in interest of each of the other Defendants, and was at all times acting within the course and scope of such relationship, with the knowledge, approval, consent, or ratification of each of the other Defendants.

9. On information and belief, Defendants have sold and intend to sell services under their MELIO Mark to consumers residing in this judicial district. On information and belief, Defendants have purposefully directed business activities toward consumers residing in this judicial district, including, without limitation, by entering into sales contracts with residents of this judicial district and directing online advertising toward residents of this judicial district. Further, on information and belief, Defendants operate an interactive website at https://meliopayments.com/,

Rutan & Tucker, LLP
*attorneys at law*

2945/102186-0149
20769637.1 a06/27/24                                        -3-

through which they advertise and sell products and services using the MELIO Mark to consumers residing in this judicial district.  By engaging in the activities set forth herein, Defendants have purposefully availed themselves of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of the laws of the State of California, and of this judicial district in particular.

## JURISDICTION AND VENUE

10.    This action arises under the Lanham Act, 15 U.S.C. section 1051, *et seq*., and under California common law and statute.  As noted above, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over loanDepot's claims arising under the laws of the State of California.

11.    This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have advertised and sold their services under the MELIO Mark to consumers residing in this judicial district, including via their interactive website at https://meliopayments.com/, thereby invoking the benefits and protections of the laws of this judicial district.

12.    Venue is proper in the Central District of California under 28 U.S.C. sections 1391(b) and (c) because, on information and belief, a substantial part of the events, omissions and acts that are the subject matter of this action arise out of or relate to Defendants' activities within the Central District of California: namely, the advertisement and sale of goods and services under the MELIO Mark directed toward residents of this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**I.    loanDepot's Trademark Rights.**

13.    Since its launch in 2010, loanDepot has revolutionized the mortgage industry by offering a broad suite of lending and real estate services through digital technologies.  loanDepot is one of the top non-bank mortgage lenders in the United

Rutan & Tucker, LLP
*attorneys at law*

2945/102186-0149
20769637.1 a06/27/24                                              -4-

States and assists more than 27,000 customers each month.

14.    In furtherance of its dedication to customer service, loanDepot introduced a proprietary software platform that provides lending services and related services to customers nationwide, called "mello."  loanDepot's digital platform serves borrowers, sellers, realtors, and title industry professionals to improve the mortgage application experience and provide products related to homeownership, such title and escrow services and insurance-related services, among other things.

15.    loanDepot first announced its intent to offer a host of services under its MELLO Mark through a press release issued on March 6, 2017.  Shortly thereafter, on January 23, 2018, loanDepot announced the launch of its first "mello"-branded business line, called "mellohome," which would connect pre-approved homebuyers with verified real estate agents in their local market and help consumers find and hire home improvement and other professionals.  Next, loanDepot rolled out the "mello smartloan," which digitized and streamlined the mortgage lending process. Over the years, additional "mello"-formative products and services followed.

16.    loanDepot has consistently used its MELLO Mark and variations thereof in a rounded, lowercase font, stylized with purple coloring, as shown below:



Rutan & Tucker, LLP
attorneys at law

17.    loanDepot owns a number of federal trademark registrations for the MELLO Mark and formatives thereof (collectively referred to herein as the "MELLO Marks"), such as those listed below:

| Mark | Reg. No., Date | Goods and Services |
|---|---|---|
| MELLO | U.S. Reg. No. 6,050,561<br>First Use no later than Oct. 23, 2017<br>Registered May 12, 2020 | Class 42: "Platform as a service (PAAS) featuring computer software platforms for use in loan origination, mortgage lending, and loan processing …" |
| MELLO | U.S. Reg. No. 5,716,809<br>First Use no later than Jul. 2017<br>Registered Apr. 02, 2019 | Class 42: "… software as a service (SAAS) featuring computer software for completing and managing personal loans, namely, software that enables borrowers to apply for a loan, upload information, accept loan packets, manage loans, sign and submit documents, communicate with lenders, and arrange for automatic deposits of loan proceeds" |
| MELLO | U.S. Reg. No. 6,222,142<br>First Use no later than Oct. 23, 2017<br>Registered Dec. 15, 2020 | Class 36: "Consumer lending services; financial services in the nature of mortgage planning and refinancing; financial services, namely, providing advisory services via a global computer network; providing a website featuring personal financial information and financial advice; credit consultation; financial |

| Mark | Reg. No., Date | Goods and Services |
|---|---|---|
| | | advice and consultancy services" |
| MELLO | U.S. Reg. No. 5,582,408 First Use no later than Oct. 23, 2017 Registered Oct. 09, 2018 | Class 38: "Electronic delivery of loan documents" Class 41: "Providing online publications in the nature of applications concerning loans" |
| MELLO | U.S. Reg. No. 6,029,991 First Use no later than Jan. 2019 Registered Apr. 07, 2020 | Class 36: "Arranging of loans; financial services, namely, money lending, loan processing, loan servicing; financial services in the nature of mortgage lending; wholesale lending services …" |
| MELLO SMARTLOAN | U.S. Reg. No. 6,228,596 First Use no later than Oct. 2018 Registered Dec. 22, 2020 | Class 36: "financial research services in the field of real estate; arranging of loans; financial services, namely, money lending, loan processing, loan servicing; financial services in the nature of mortgage lending; wholesale lending services; home equity lending services; electronic loan origination services …" |
| MELLO HOME | U.S. Reg. No. 6,019,466 First Use no later than Jan. 2018 Registered Mar. 24, 2020 | Class 35: "Matching homebuyers with real estate agents; advertising and marketing services in the fields of real estate, consumer goods and consumer services" |

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-7-

| Mark | Reg. No., Date | Goods and Services |
| --- | --- | --- |
| MELLOINSURANCE SERVICES | U.S. Reg. No. 6,342,597 First Use no later than Aug. 2020 Registered May 04, 2021 | Class 36: "insurance brokerage services; insurance and financial information and consultancy service …" |
| MELLO SMARTLOAN | U.S. Reg. No. 6,048,889 First Use no later than Feb. 2019 Registered May 05, 2020 | Class 42: "software as a service (SAAS) featuring computer software for completing and managing personal loans, namely, software that enables borrowers to apply for a loan, upload information, accept loan packets, manage loans, sign and submit documents, communicate with lenders, and arrange for automatic deposits of loan proceeds …" |

True and correct copies of the certificates of registration for these MELLO Marks are attached to this complaint as **Exhibit A**. The MELLO Marks are valid and subsisting and remain in full force and effect.

18.    In addition, MELLO owns a number of federal trademark registrations for the stylization of the rounded, lowercase "M" used by loanDepot in connection with the "MELLO Marks" (the "Stylized M Marks"), such as those listed below:

| Mark | Reg. No., Dates | Goods and Services |
| --- | --- | --- |
| | U.S. Reg. No. 5,789,016 First Use no later than Oct. 2018 Registered Jun. 25, 2019 | Class 42: "software as a service (SAAS) for providing mortgage information, analysis, and advice in the fields of mortgage lending, home equity lending, title and escrow fees, financial information related to the |

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-8-

| Mark | Reg. No., Dates | Goods and Services |
|---|---|---|
| | | purchase, sale, or rental of real estate, mortgage quotes, confirming lender availability and interest, and for reviewing and rating lenders …" |
| m | U.S. Reg. No. 5,814,504 First Use no later than Oct. 2018 Registered Jul. 23, 2019 | Class 35: "matching borrowers with potential lenders in the field of commercial, consumer and mortgage lending; providing statistical information and indexes of mortgages, interests, and prices for others; business advice and information relating to loans, finance and capital …" |
| m | U.S. Reg. No. 5,789,017 First Use no later than Oct. 2018 Registered Jun. 25, 2019 | Class 9: "software for providing mortgage information, analysis, and advice in the fields of mortgage lending, home equity lending, title and escrow fees, financial information related to the purchase, sale, or rental of real estate, mortgage quotes, confirming lender availability and interest, and for reviewing and rating lenders and mortgage professionals …" |

Rutan & Tucker, LLP
attorneys at law

True and correct copies of the certificates of registration for these stylized "M" Marks are attached to this complaint as **Exhibit B**.  The Marks are valid and subsisting and remain in full force and effect.

19.    loanDepot's MELLO Marks and Stylized M Marks are inherently distinctive.  loanDepot has the exclusive right to use the MELLO Marks and the Stylized M Marks in interstate commerce in connection with lending and related real estate services, and loanDepot's use has been exclusive since it first adopted the MELLO Marks and the Stylized M Marks, with the exception of unauthorized uses such as by Defendants as described herein.

20.    Indeed, since at least as early as 2017, and long before Defendants used any similar mark, loanDepot has continuously, prominently and exclusively used its MELLO Marks and Stylized M Marks to denote the source of its goods and services, including lending and related real estate services, in the United States.  During this period, loanDepot has committed significant amounts of time, effort and money to developing a widely respected reputation in the real estate industry.  Thus, if loanDepot's MELLO Marks and Stylized M Marks are not inherently distinctive, then they have acquired secondary meaning indicating loanDepot as the source of its high-quality goods and services.  Accordingly, before the acts complained of in this Complaint, members of the general consumer population recognized the MELLO Marks and the Stylized M Marks as exclusive source identifiers for lending and related services as originating from, sponsored or approved by loanDepot.

21.    loanDepot has widely advertised, promoted and marketed services under its MELLO Marks and Stylized M Marks in numerous and diverse advertising media to promote the strength and renown of its MELLO Marks and Stylized M Marks.  loanDepot has achieved a high level of commercial success in selling products and services bearing its MELLO Marks and Stylized M Marks and has built a valuable reputation and substantial goodwill, with which the MELLO Marks and Stylized M Marks have become synonymous.

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-10-

## II.   The Parties' Earlier Agreement.

22.   On August 8, 2018, after loanDepot was already using its MELLO Marks and its Stylized M Marks, Melio (formerly known as Payper Smart Payments Ltd.) filed an intent-to-use application to register the standard character mark "MELIO" for use in connection with financial services in International Classes 9, 35, 36, and 42, *see* U.S. Serial No. 88/065,714.

23.   On September 23, 2019, loanDepot filed a notice of opposition to registration of the standard character MELIO Mark, alleging a likelihood of consumer confusion with loanDepot's MELLO Marks for, *inter alia*, money lending and mortgage services.

24.   At that point, loanDepot understood that Defendants were using the MELIO Mark in connection with electronic payment services, and stylization of the MELIO Mark on Defendants' website featured a white font.  In addition, Defendants prominently featured on their website a stylized mark with the last two letters of "MELIO," *i.e.,* "IO," as shown to the right:

25.   Given the foregoing, on September 26, 2019, loanDepot and Melio entered into a limited coexistence agreement, which permitted registration of Melio's standard character application, on the condition that: (1) Melio amend the description of services in its application to disclaim any lending services intended to fund real estate transactions; (2) Melio "agrees to refrain from all use of the MELIO Mark in the field of real estate financing transactions"; and (3) Melio "agrees to not object to, oppose or otherwise challenge, now or in the future, or assist others in challenging loanDepot use and/or continued registration of the loanDepot Marks."

26.   The agreement was expressly limited to resolution of the dispute concerning Melio's standard character application, providing as follows: "This Agreement is intended to address only the application for the MELIO Mark and the services identified in the application.  This Agreement does not address any

concerns, actual claims, or potential claims of loanDepot related to Payper's actual use of the MELIO Mark now or in the future, all of which are expressly reserved and none of which are waived."

27.    On October 2, 2019, Melio and loanDepot moved for amendment of the services listed in the application and contingent dismissal of the notice of opposition, which the Trademark Trial and Appeal Broad granted on October 7, 2019, thereby terminating the opposition proceedings.

28.    On October 27, 2020, Melio's standard character MELIO Mark registered for use in connection with certain financial services on International Classes 9, 35, 36, and 42, *see* U.S. Reg. No. 6,182,503.

**III.    Defendants' Infringement and Unfair Competition.**

29.    On information and belief, at some time after registration of the standard character MELIO Mark, Defendants began using a stylized version of the MELIO Mark in a rounded, lowercase font and purple coloring, with the same stylized "M" that is covered by loanDepot's registrations for its Stylized M Marks and used in its stylization of its MELLO Marks.

30.    As a result, Defendants' stylization of their MELIO Mark is confusingly similar to loanDepot's stylization of its MELLO Marks, as well as its Stylized M Marks.  Examples of such use are shown below:

| Defendants' Mark | loanDepot's Mark |
| --- | --- |
| | |

31.    Furthermore, over the last year, Defendants have expanded the services provided under the MELIO Mark.  In early 2024, for example, Defendants added a page to their website marketing their financial services to consumers operating within the real estate industry, as shown below:

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-12-

As another example, in 2023, Defendants added a page to their website advertising their financial services to consumers involved in leasing and renting real estate, a shown below:

32.    Defendants' new stylization of their MELIO Mark, coupled with their recent expansion into the real estate sphere, creates an untenable likelihood of consumer confusion with loanDepot's MELLO Marks, which uses a similar stylization and offers services to consumers in the real estate space.

33.    Defendants are not authorized to use marks confusingly similar to the MELLO Marks in connection with their goods and services.  Defendants' use of marks confusingly similar to the MELLO Marks for related services is likely to cause confusion, mistake and deception such that members of the public and purchasers are likely to be confused as to the affiliation, connection or relationship between loanDepot and Defendants, and confused into believing Defendants' goods and services are endorsed or sponsored by loanDepot, when they are not.  Each of these actions creates a likelihood of consumer confusion.

34.    On information and belief, Defendants' activities complained of herein constitute willful and intentional infringement of the MELLO Marks, since Defendants have known since at least September of 2019 that loanDepot provides

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-13-

services in real estate arena and stylizes its MELLO Marks with lowercase, rounded font and purple coloring.  Since around that same time, Defendants have also been on constructive notice of loanDepot's rights in its Stylized M Marks.

35.    loanDepot seeks injunctive relief to prevent the irreparable harm that will be caused by Defendants' infringement on the MELLO Marks. Without an injunction, Defendants will continue to offer services that infringe on the MELLO Marks.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement (15 U.S.C. § 1114)

36.    loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

37.    By the acts and omissions set forth above, Defendants have infringed and continue to infringe loanDepot's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114.  Defendants' conduct and use of marks confusingly similar to the MELLO Marks is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' products and services, and interfere with loanDepot's ability to use its marks to indicate a single quality control source of its products and services.

13.    loanDepot has suffered, is suffering, and will continue to suffer irreparable injury for which loanDepot has no adequate remedy at law.  loanDepot is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

14.    Defendants have profited and are profiting by such infringement, and loanDepot has been, and is being, damaged by such infringement.  loanDepot is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

15.    Furthermore, on information and belief, Defendants have committed

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24                                              -14-

the foregoing acts of infringement with full knowledge of loanDepot's prior rights in the MELLO Marks and with the willful intent to cause confusion and trade on loanDepot's goodwill.  Given the willfulness of Defendants' conduct, loanDepot is entitled to recover treble damages and its attorneys' fees under 15 U.S.C. section 1117.

## SECOND CLAIM FOR RELIEF

**(False Designation Of Origin And Unfair Competition (15 U.S.C. § 1125(a))**

38.     loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

39.     The acts of Defendants as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

16.     Defendants' aforesaid advertising, offering for sale, and sale of goods and services bearing the MELIO Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with loanDepot, or as to the origin, sponsorship, or approval of Defendants' goods and services, in that purchasers are likely to believe that loanDepot authorizes or controls the advertising, offering, or sale of Defendants' goods described above.

17.     Defendants' use in commerce of marks confusingly similar to the MELLO Marks in connection with Defendants' goods and services constitutes a false designation of the origin and/or sponsorship of such goods, and falsely describes and represents such goods.

18.     Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, loanDepot's trademark rights, and will cause irreparable harm, damage, and injury to loanDepot's goodwill and business reputation.

19.     Similarly, if Defendants' conduct is not restrained and enjoined by this Court, then loanDepot will be irreparably injured as a result of Defendants'

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-15-

infringement and wrongful acts, circumstances as to which loanDepot has no adequate remedy at law.  loanDepot is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

20.    Defendants have profited and are profiting by such infringement and loanDepot has been and is being damaged by such infringement.  loanDepot is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

21.    Furthermore, on information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with loanDepot, such that loanDepot is entitled to recover treble damages and its attorneys' fees under 15 U.S.C. section 1117.

**THIRD CLAIM FOR RELIEF**

**(Common Law Unfair Competition And Trademark Infringement)**

40.    loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

41.    The actions and conduct of Defendants as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with loanDepot, and as to origin of Defendants' goods and services, and loanDepot's apparent sponsorship or approval of Defendants' goods and services.

42.    Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law and direct infringements of loanDepot's federal trademarks in violation of California common law.

43.    Defendants, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to loanDepot, including but not limited to injury to loanDepot's goodwill and business reputation.

44.    loanDepot has suffered, is suffering, and will continue to suffer

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

irreparable injury for which loanDepot has no adequate remedy at law. loanDepot is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – Cal. Business & Professions Code § 17200)

45. loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

46. Defendants' conduct and actions as alleged herein, including without limitation Defendants' trademark infringement in using a trademark confusingly similar to loanDepot's MELLO Marks to provide competing services and to confuse consumers, constitutes unlawful and unfair trade practices and unfair competition in violation of California Business and Professions Code Section 17200, *et seq*. and have no valid or legitimate purpose except to benefit Defendants at loanDepot's expense.

47. loanDepot is entitled to restitutionary damages and because Defendants are likely to continue with their unlawful conduct absent an injunction, loanDepot is entitled to a preliminary and permanent injunction.

## PRAYER

WHEREFORE, loanDepot prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

   a. Selling, offering to sell, advertising, displaying, or using the MELLO Marks, any mark confusingly similar thereto, including without limitation the stylized MELIO Mark or any other mark similar thereto, alone

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-17-

or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of real-estate-related services;

b. Using in any other way any other mark or designation so similar to the MELLO Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with loanDepot;

c. Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by or licensed by loanDepot;

d. Using any words, names, designs, titles or marks that create a likelihood of injury to the business reputation of loanDepot and the goodwill associated therewith;

2. For an order requiring Defendants to file with the Clerk of this Court and serve loanDepot, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms above;

3. For an award of Defendants' profits and loanDepot's damages according to proof at trial;

4. For an order requiring Defendants to account for and pay to loanDepot all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

5. For an award of pre- and post-judgment interest at the highest rate allowed by law;

6. For treble damages under 15 U.S.C. § 1117(b);

7. For an award of loanDepot's attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action; and

8. For such further relief as this Court shall deem just and proper.

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-18-

Dated: June 27, 2024

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN

By: _____

Ronald P. Oines
Attorneys for Plaintiff
LOANDEPOT.COM, LLC

Rutan & Tucker, LLP
attorneys at law

2945/102186-0149
20769637.1 a06/27/24

-19-

## DEMAND FOR JURY TRIAL

loanDepot hereby demands a jury trial in this action.

Dated: June 27, 2024

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN

By: _____
   Ronald P. Oines
   Attorneys for Plaintiff
   LOANDEPOT.COM, LLC

Rutan & Tucker, LLP
*attorneys at law*

2945/102186-0149
20769637.1 a06/27/24

-20-